# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS

| DATACLOUD TECHNOLOGIES, LLC, Plaintiff, | CIVIL ACTION NO. 6:21-cv-01211 |
|---|---|
| v. | **JURY TRIAL DEMANDED** |
| F-SECURE CORPORATION Defendant. | |

## ORIGINAL COMPLAINT

Plaintiff DataCloud Technologies, LLC (hereinafter, "Plaintiff" or "DataCloud"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendant F-Secure Corporation (hereinafter, "Defendant" or "F-Secure") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Patents-in-Suit"), copies of which are attached hereto as **Exhibit A, Exhibit B, Exhibit C,** and **Exhibit D**, respectively:

|    | U.S. Patent No. | Title |
|----|-----------------|-------|
| A. | 6,560,613 | Disambiguating File Descriptors |
| B. | 6,651,063 | Data Organization And Management System And Method |
| C. | 7,209,959 | Apparatus, System, And Method For Communicating To A Network Through A Virtual Domain Providing Anonymity To A Client Communicating On The Network |
| D. | 8,762,498 | Apparatus, System, And Method For Communicating To A Network Through A Virtual Domain |

2. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

3. DataCloud is a limited liability company organized and existing under the laws of the State of Georgia and maintains its principal place of business at 44 Milton Avenue, Suite 254,

Alpharetta, Georgia, 30009 (Fulton County).

4. Based upon public information, F-Secure Corporation is a company incorporated under the laws of Finland with a principal place of business at Tammasaarenkatu 7, 00180 Helsinki, Finland.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. F-Secure is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute. This is due, inter alia, to its substantial business in this forum, including: (i) a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct in Texas, and/or deriving substantial revenue from goods and services provided to individuals in Texas, including this District. Accordingly, the Court has personal jurisdiction over F-Secure because: Defendant has minimum contacts within the State of Texas and in the Western District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Western District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas, and within the Western District of Texas, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in the Western District of Texas.

7. More specifically, Defendant, directly and/or through intermediaries, ship, distribute, make, use, import, offer for sale, sell, and/or advertise its products in the State of Texas, where it has thousands of paying customers, and the Western District of Texas where it has hundreds of paying customers that use its products and services, including the Accused Products.

Defendant's customers additionally use its products and services in the in the State of Texas and in the Western District of Texas as part of bundled security suites provided to customers of broadband services provided in this District. Defendant has committed patent infringement in the State of Texas and in the Western District of Texas. Defendant solicits customers in the State of Texas and in the Western District of Texas.

8. Because F-Secure is a corporation organized outside of Texas and the United States, venue in this district is proper under 28 U.S.C. § 1391(c)(3). Furthermore, F-Secure has hired employees who work in this judicial district and/or directs their efforts toward this judicial district and to advance the sale of its products, including sales of the Accused Products, by giving advice on the choice of those products for customer needs, assistance with technical issues on those products, and providing updates, fixes, revisions, and patches to those products. Defendant also directs its Consulting and Incident Response, Americas, group and leads its Incident Response for North American team from this District through its employees in this District. F-Secure also maintains regular and established business in this District, including by maintaining and operating communications networks that are provided to customers in this District and by employing personnel in this District.

9. F-Secure additionally derives benefits from its presence in the district, both physical and online through purchases made using one or more interactive web sites, in this judicial District. F-Secure has made and intentionally placed the Accused Products into the stream of commerce knowing of the Patents-in-Suit, knowing of the accusation of infringement of the Patents-in-Suit, and that they were to be offered for sale in Texas, including in this judicial district.

10. F-Secure is a "global company with offices around the world." *See* **Exhibit G**, p. 1. Two of those offices are in the United States, including one office located at 594 Broadway,

Suite 1212, New York, New York, 10012 and a second office located at 470 Ramona Street, Palo Alto, California, 94301. *Id.* F-Secure directs, controls, and operates both of these offices through a wholly-owned U.S. subsidiary called F-Secure, Inc. F-Secure, Inc. resides in the United States and holds itself out as an operational arm and agent of F-Secure Corporation with actual (and apparent) authority to promote, sell, and provide consulting for F-Secure's Accused Products, including, upon information and belief, the ability to enter legally binding contracts on behalf of F-Secure. *See* **Exhibit H**, p. 54 (F-Secure "operates globally through several legal entities" including F-Secure, Inc. but F-Secure's "sales are mainly generated by [F-Secure Corporation]."). F-Secure, Inc. is registered to do business in Texas and may be served through its registered agent, Paracorp Inc, 14001 W HWY 29 Suite 102 Liberty Hill, TX 78642.

11. With knowledge of the Patents-in-Suit (through at least the Licensing Letter and Notice Letter, referenced below), F-Secure has furthermore encouraged and instructed its agent, F-Secure, Inc. to provide consulting services related to the Accused Products to customers in this District to use, offer for sale, and sell the Accused Products in this District, the State of Texas, and throughout the United States, and F-Secure has given F-Secure, Inc. the authority to transact business on its behalf in this District and the State of Texas.

## BACKGROUND INFORMATION

12. The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office (hereinafter, the "USPTO") after full and fair examinations.

13. Plaintiff is the owner of the Patents-in-Suit, and possesses all right, title and interest in the Patents-in-Suit including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages.

14. Plaintiff has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit.

15. Plaintiff does not sell, offer to sell, make, or use any products itself, so it does not have any obligation to mark any of its own products under 35 U.S.C. § 287.

16. By letter dated December 15, 2020, DataCloud's licensing agent sent Defendant information in which it identified DataCloud's patent portfolio, which includes each of the Patents-in-Suit (hereinafter, the "Licensing Letter"). By letter dated March 5, 2021, DataCloud put Defendant on notice of its infringement of the Patents-in-Suit (hereinafter, the "Notice Letter").

## DEFENDANT'S PRODUCTS AND SERVICES

17. Based upon public information, F-Secure owns, operates, advertises, and/or controls the website www.f-secure.com through which it advertises, sells, offers to sell, provides and/or educates customers about its website design products and services. *See* **Exhibit E**; **Exhibit F.** Those products, to the extent they are identified below as infringing each of the Patents-in-Suit, comprise the "Accused Products" in this Complaint.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,560,613

18. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

19. U.S. Patent No. 6,560,613 (hereinafter, the "'613 Patent"), was issued on May 6, 2003 after full and fair examination by the USPTO of Application No. 09/500,212 which was filed on February 8, 2000. *See* Ex. A. A Certificate of Correction was issued on August 26, 2003. *See id.*

20. Based upon public information,, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '613 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its network security products that employ VMWare for virtualization in serving its products for home and business, including its F-Secure TOTAL, F-Secure SAFE, F-Secure FREEDOM VPN, F-Secure ID PROTECTION, F-Secure Elements, F-Secure Countercept, and F-

Secure Cloud Protection ("F-Secure Network Products").

21. Based upon public information, F-Secure Network Products meet each and every element of at least Claim 8 of the '613 Patent, either literally or equivalently.

22. Based upon public information, the F-Secure Network Products have infringed one or more claims of the '613 Patent, including Claim 8, because they provide a method for disambiguating file descriptors in a computer system (using VMWare) through a process which intercepts the system calls that store files on media, stores one or more file type indicators for each file descriptor in a table, and determines what file type is associated with the file descriptor based on a review of the stored file type indicators. VMWare, used in the F-Secure Network Products, employs disambiguation of file descriptors (files/sockets/pipes) that are used in shadowed I/O system call routines by intercepting them, storing related indicators (*e.g.*, reference to images), and examining those stored indicators to determine the associated file type.

23. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

24. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,651,063

25. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

26. U.S. Patent No. 6,651,063 (hereinafter, the "'063 Patent"), was issued on November 18, 2003 after full and fair examination by the USPTO of Application No. 09/493,911 which was filed on January 28, 2000. *See* Ex. B. A Certificate of Correction was issued on February 3, 2004. *See id*.

27. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '063 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its F-Secure Mobile Security App.

28. Based upon public information, the F-Secure Android App. meets each and every element of at least Claim 4 of the '063 Patent, either literally or equivalently.

29. Based upon public information, the F-Secure Mobile Security App. has infringed one or more claims of the '063 Patent, including Claim 4, because it provides a method for storing and controlled access of data in a repository by storing information in an "information pack" ("Uploading your first APK to Production) to which is associated the address of a data repository, a "category identifier" (*e.g.*, "data" directory), and a "provider identifier" ("O=F-Secure Corporation").  The information pack is sent to the specified data repository and stored there in a location reserved for the specified category identifier that is specifically created for the information pack (*e.g.*, "data" directory for F-Secure Mobile Security App. is reserved for information), and a "custom category identifier" (*e.g.*, "custom category identifier" can be the digital signature for the F-Secure Mobile Security App.) is assigned to the information pack.  The custom category identifier is subsequently used to identify other information packs that should be stored in the same location based on matching category identifiers (*e.g.*, valid APK files contain a signature which allows to identify the author of the APK file, which allows verification that an updated version comes from the same author).

30. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

31. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as

a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,209,959

32. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

33. U.S. Patent No. 7,209,959 (hereinafter, the "'959 Patent"), was issued on April 24, 2007 after full and fair examination by the USPTO of Application No. 09/542,858 which was filed on April 4, 2000. *See* Ex. C.

34. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '959 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its F-Secure website and network infrastructure (the "F-Secure Infrastructure").

35. Based upon public information, F-Secure Infrastructure meets each and every element of at least Claim 1 of the '959 Patent, either literally or equivalently.

36. Based upon public information, Defendant has infringed one or more claims of the '959 Patent, including Claim 1, because it provides a method of, in response to a request (*e.g.*, "'Client Hello") by a client (*e.g.*, 10.0.0.3) to initiate communication with a destination website (*e.g.,* www.f-secure.com); setting up a forwarding session (*e.g.*, from the internet to a WWW server) between the client (*e.g.*, internet device) and a destination server corresponding to the destination website (*e.g.*, WWW server), the forwarding session employing a forwarder disposed between (*e.g.*, a front-end server switch) the client and the destination server to forward packets sent from the client to the destination server and to forward packets sent from the destination server to the client (*e.g.,* bilateral communications); employing the forwarder (*e.g.,* front-end server switch), to transfer packets (*e.g.*, ethernet or others) between the client (*e.g.*, internet device) and

the destination server (*e.g.*, WWW server) during the forwarding session, wherein the forwarding session is set up and implemented such that neither the client or the destination server is aware of the employment of the forwarder (*e.g.*, the WWW server has a direct TCP connection between a local address of, say, 172.31.15.21:22 and a client address of, say, 96.72.88.222:64947; thus, neither the client or the destination server is aware of the employment of the forwarder); employing a controller configured to communicate (*e.g.*, firewall) with the forwarder (*e.g.*, front-end server switch) and a domain name server (*e.g.*, a DNS), wherein the controller queries the domain name server to resolve the name of the destination website (*e.g.,* www.f-secure.com) associated with the destination server (*e.g.*, WWW server) and initiates communication (*e.g.*, between the firewall and front-end server switch) with the forwarder in response to an answer from the domain name server to resolve the name of the destination website associated with the destination server; employing a deceiver (*e.g.*, router) configured to communicate with the controller (*e.g.*, firewall) and the client (*e.g.*, internet device), wherein the deceiver receives the request by the client to initiate communication (*e.g.*, from the internet to the router) with the destination website (*e.g.*, www.f-secure.com on a WWW server) and initiates the controller to query the domain name server to resolve the name of the destination website associated with the destination server (*e.g.*, the router both (i) receives the request and (ii) sends the data from the WWW server in a manner that makes the router appear to be the source of the data, when the source of the data is actually the WWW server); and in response to the controller (*e.g.*, router) receiving the answer from the domain name server and initiating communication with the forwarder initiating the forwarding session.

37. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

38. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as

a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 8,762,498

39. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

40. U.S. Patent No. 8,762,498 (hereinafter, the "'498 Patent"), was issued on June 24, 2014 after full and fair examination by the USPTO of Application No. 13/731,731 which was filed on December 31, 2012.  *See* Ex. D.

41. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '498 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its F-Secure web servers using TLS 1.3 ("F-Secure Web Servers").

42. Upon information and belief, the F-Secure Web Servers meet each and every element of at least Claim 1 of the '498 Patent, either literally or equivalently.

43. Based upon public information, F-Secure Web Servers have infringed one or more claims of the '498 Patent, including Claim 1, because it provides a system of hardware and software that is configured to respond to a request for data by identifying a virtual namespace destination IP address (*e.g.*, 104.98.79.61 ) from a selection of categories (*e.g.*, login.f-secue.com, fc.press.f-secure.com, sv.sense.f-secure.com, psb.f-secure.com) that is related to the virtual namespace destination address (*e.g.*, the category of "f-secure.com" is related to the virtual namespace destination address of "www.f-secure.com") to determine a device with a specific forwarder IP address (F-Secure operates a forwarder device with a forwarder IP address and the selected web server will operate with a destination IP address and instruct it to send the request for data to the destination IP address and the forwarder device it instructed to send the request data to

the destination IP address (*e.g.*, through a WWW server and SNI Routing).

44.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

45.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

46.     Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

47.     Plaintiff respectfully requests the following relief:

   A.   An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by F-Secure;

   B.   An award of damages to be paid by F-Secure adequate to compensate Plaintiff for F-Secure's past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for F-Secure's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

   C.   That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

   D.   Any further relief that this Court deems just and proper.

Dated: November 19, 2021                    Respectfully submitted,

**Rozier & Hardt PLLC**

*/s/ James F. McDonough, III*
James F. McDonough, III (GA Bar No. 117088)*
Jonathan L. Hardt (TX No. 24039906)*
ROZIER & HARDT PLLC
712 W. 14th Street, Suite C,
Austin, Texas 78701
Telephone: (470) 480-9505
Email: jim@rhmtrial.com
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

C. Matthew Rozier (CO No. 46854) *
ROZIER & HARDT PLLC
2590 Walnut Street
Suite 10
Denver, Colorado 80205
Telephone: (202) 316-1591
Email: matt@rhmtrial.com
*\* Admitted in the Western District of Texas*

*Attorneys for Plaintiff DataCloud Technologies, LLC*

**LIST OF EXHIBITS**
- A. U.S. Patent No. 6,560,613
- B. U.S. Patent No. 6,651,063
- C. U.S. Patent No. 7,209,959
- D. U.S. Patent No. 8,762,498
- E. Webpage: Products Offered For Home
- F. Webpage: Products Offered For Business
- G. Webpage:  Contact Us – Our Offices
- H. F-Secure Annual Report 2020